Leona Winifred GREGOR, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 19902.

United States Court of Appeals
Ninth Circuit.

Sept. 17, 1965.

Rehearing Denied Oct. 25, 1965.

Geo. L. Vaughn, Jr., Los Angeles, Cal., for petitioner.

Manuel L. Real, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civ. Div., Theodore E. Orliss, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

Before BARNES, HAMLIN and MERRILL, Circuit Judges.

MERRILL, Circuit Judge:

■ Petitioner, under Title 8 U.S.C. § 1254,[1] seeks suspension of deportation and adjustment of status to that of an alien lawfully admitted for permanent residence. The Board of Immigration Appeals denied her this relief upon the ground that she had not been physically present in the United States for a continuous period of seven years, as required by section 1254(a) (1). Upon this petition for review petitioner concedes that her presence in this country dates from June 15, 1963, substantially less than the seven-year period specified. She contends, however, that she qualifies for the relief sought under the proviso of subsection (f). The sole question here presented is whether that proviso is subject to the requirement of physical presence set forth in subsection (a) (1). We agree with the Board that it is.

It is (a) which defines the subject matter of the section: the relief which the section provides and the persons to whom it is available. Subsection (f) takes away a bit of what (a) has granted. It bars the relief of (a) in certain cases. The proviso of (f) does no more than restore a bit of what (f) had taken away. It lifts the bar in certain cases.

■ The result is that those who qualify under the proviso of (f) may claim the relief which (a) provides; but only to the extent that (a) has provided.

Affirmed.

---

1. Section 1254, in pertinent part, provides as follows:

"(a) As hereinafter prescribed in this section, the Attorney General may, in his discretion, suspend deportation and adjust the status to that of an alien lawfully admitted for permanent residence, in the case of an alien who applies to the Attorney General for suspension of deportation and—

(1) is deportable under any law of the United States except the provisions specified in paragraph (2) of this subsection; has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of such application, and proves that during all of such period he was and is a person of good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence; or

\* \* \* \* \*

(f) No provision of this section shall be applicable to an alien who (1) entered the United States as a crewman; or (2) was admitted to the United States pursuant to section 1101(a) (15) (J) of this title or has acquired such status after admission to the United States; or (3) is a native of any country contiguous to the United States or of any adjacent island named in section 1101(b) (5) of this title: *Provided*, That the Attorney General may in his discretion agree to the granting of suspension of deportation to an alien specified in clause (3) of this subsection if such alien establishes to the satisfaction of the Attorney General that he is ineligible to obtain a nonquota immigrant visa."