Fabian SEGURA-VIACHI and Maria Asuncion Avila de Segura, Petitioners,

v.

IMMIGRATION & NATURALIZATION SERVICE, Respondent.

No. 76–1597
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 30, 1976.

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

Albert Armendariz, Sr., El Paso, Tex., for petitioners.

Edward H. Levi, Atty. Gen., U. S. Dept. of Justice, Washington, D. C., John E. Clark, U. S. Atty., San Antonio, Tex., Rex L. Young, Atty., Philip Wilens, Acting Chief, James P. Morris, Atty., Dept. of Justice Gov. Reg. & Labor Sect., Crim. Div., Washington, D. C., for respondent.

B. J. Rumaker, Dist. Dir., Immig. & Nat. Ser., El Paso, Tex., Troy A. Adams, Jr., Dist. Dir., Immig. & Nat. Ser., New Orleans, La., for other interested parties.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

This is a petition for review of an order of deportation. The issue is whether the petitioner husband may take advantage of 8 U.S.C. § 1254, the suspension of deportation statute. We hold that he may not.

The government argues that § 1254 is not available because the husband has failed to meet the statute's requirement of continuous physical presence in the United States for the seven years immediately preceding the application for § 1254 relief. The government contends that the husband's presence was significantly interrupted some four years prior to the § 1254 application by the husband's admitted voluntary departure under threat of deportation. *See* 8 U.S.C. § 1254(e). We agree. *Barragan-Sanchez v. Rosenberg*, 471 F.2d 758 (9th Cir. 1972).

Petitioners argue that the seven year period need not immediately precede the application for § 1254 relief. The plain language of the statute contradicts this. Finally, petitioners assert that § 1254(f) gives an independent basis for relief not requiring a seven year presence. The statute will not bear such a construction. *See Gregor v. Immigration & Naturalization Service*, 351 F.2d 290 (9th Cir. 1965).

The petition is denied.

AFFIRMED.