**Francisco VARGAS–GONZALEZ,**
**Petitioner,**

**v.**

**IMMIGRATION & NATURALIZATION**
**SERVICE, etc., Respondent.**

**No. 80–1213.**

United States Court of Appeals,
Fifth Circuit.
Unit A

May 22, 1981.

Joseph J. Rey, Jr., El Paso, Tex., for petitioner.

Benjamin R. Civiletti, Atty. Gen., U. S. Dept. of Justice, Martin H. Sachs, Gen. Litigation and Legal Advice Section, Crim. Div., U. S. Dept. of Justice, James P. Morris, Lauri Steven Filppu, James A. Hunolt, Attys., Washington, D.C., for respondent.

Before BROWN and TATE, Circuit Judges and SMITH *, District Judge.

TATE, Circuit Judge:

This is a petition for review of an order of the Board of Immigration Appeals, the effect of which was to uphold a deportation order of an immigration judge. The sole issue raised is that the Board erred as a matter of law in finding that Vargas-Gonzalez, the petitioner, was ineligible for suspension of deportation under Section 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a)(1), for lack of seven years' continuous presence in the United States.[1] We remand to the Board, for the reasons below stated.

In its decision of December 7, 1979, the Board held that Vargas-Gonzalez was ineligible for consideration of his application for suspension of deportation because on April 22, 1974, he had voluntarily departed under an administrative grant. The record reflects that he had been picked up at his place of employment on that date by immigration officers and, also, that he had returned to his residence and employment in the United States the next day, April 23, 1974, and has been in the United States since that date. Nevertheless, the administrative grant of deportation has been held to be a significant departure from the United States. *Segura-Viachi v. Immigration & Naturalization Service*, 538 F.2d 91 (5th Cir. 1976). This significant departure thus interrupted the period of continuous presence.

At the Board hearing, Vargas-Gonzalez unsuccessfully contended, for non-frivolous reasons, that the 1974 administrative action should not have this effect because he was not afforded his right at that time to apply for suspension (see footnote 4). We do not reach the merits of that issue, on our determination that remand is appropriate.

At the oral argument of the appeal on April 9, 1981, it was pointed out that on April 24, 1981, the seven-year eligibility requirement would be met and that, therefore, if a motion to reopen the case is filed before the Board, it can now reconsider whether Vargas-Gonzalez is eligible for suspension of deportation because of this circumstance that has arisen since the hearing. 8 CFR § 3.2 (1980). Accordingly, on April 29, 1981, the petitioner filed a motion in this court for us to defer our consideration, until the Board can act upon his motion to reopen his appeal before it.

Under the circumstances, we have decided that it is appropriate for us to remand this proceeding to the Board, in order that it may reconsider Vargas-Gonzalez's eligibility for suspension (because the seven-year presence has now accrued), pursuant to 8 U.S.C. § 1105a[2] and 28 U.S.C.

---

* District Judge of the Northern District of Mississippi, sitting by designation.

1. To be eligible for suspension under the cited provision, the deportable alien must show that he has been physically present in the United States for a continuous period of at least seven years, that he has been a person of good moral character for all that time, and that his deportation would result in extreme hardship to himself or to his spouse, parent, or child, who is a citizen or lawful, permanent resident of the United States.

   The statutory authority of the Attorney General to grant such discretionary suspension has been ultimately delegated to the Board of Immigration Appeals. See *Immigration and Nat-*

*uralization Service v. Wang*, —— U.S. ——, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981), citing 8 U.S.C. § 1103, 8 CFR §§ 2.1, 242.8, 242.21 (1979). (In *Wang*, the Court reversed a remand by the court of appeals that reversed a refusal of the Board to reopen deportation proceedings because of allegedly material new facts stated in conclusory form, for reasons not apposite to the issue now before us.)

2. 8 U.S.C. § 1105a of the Immigration and Nationality Act, with exceptions not material to the present issue, states that 5 U.S.C. §§ 1031–1042 shall provide the procedure for review of deportation orders. Former 5 U.S.C. §§ 1031–1042, which at 1037(a) included the power of the court of appeal to remand to the agency for

§ 2347(c).[3] As we held in *Coriolan v. Immigration and Naturalization Service*, 559 F.2d 993, 1003–04 (5th Cir. 1977), this remand provision of 28 U.S.C. § 2347 applies to judicial review of deportation procedures, where remand to the Board for it to hear additional evidence is appropriate.

Here, the applicant for suspension has been a resident, householder, and steadily employed resident of the United States since 1967, a family man of good moral character according to the showing before the Board, whose deportation will cause hardship to his family;[4] with the accrual of the seven years' continuous residence in April of 1981, Vargas-Gonzalez has made out a prima facie case entitling him upon proper procedural application to reopen the case for reconsideration of his application for suspension of deportation. *Urbano de Malaluan v. Immigration and Naturalization Service*, 577 F.2d 589 (9th Cir. 1978); *Cf. Aguilar v. Immigration and Naturalization Service*, 638 F.2d 717, 719 (5th Cir. 1981) (test for reopening approved, but no abuse of discretion found in the Board's refusal to reopen upon its determination that a prima facie hardship showing had

not been met under the facts there shown). Under these circumstances, where the petitioner before us has made a substantial showing that the Board should properly afford him relief on the basis of the additional evidence available subsequent to the initial hearing, it is appropriate that we remand to the Board for further proceedings. See *Coriolan, supra*, 559 F.2d at 1003–04.

Accordingly, the order of the Board of Immigration Appeals is REVERSED, and the cause is REMANDED for further proceedings consistent with the views herein expressed.

REVERSED AND REMANDED.

---

additional proceedings, in terms regulated judicial review of certain administrative agencies (the Federal Communications Commission, the Secretary of Agriculture, etc.). See text of provisions at United States Code, 1964 edition. These provisions were transferred renumbered to Title 28, §§ 2341–2351. Pub.L. 89–554, § 4(e), Sept. 6, 1966, 80 Stat. 621. See United States Code, 1970 edition. 28 U.S.C. § 2347(c) (quoted in footnote 3 *infra*) retains virtually unchanged the wording of former 5 U.S.C. § 1037(a), confirming remand powers of the court of appeal on review of administrative orders.

3. 28 U.S.C. § 2347(c) provides:
   (c) If a party to a proceeding to review applies to the court of appeals in which the proceeding is pending for leave to adduce additional evidence and shows to the satisfaction of the court that—
   (1) the additional evidence is material; and
   (2) there were reasonable grounds for failure to adduce the evidence before the agency;
   the court may order the additional evidence and any counterevidence the opposite party desires to offer to be taken by the agency. The agency may modify its findings of fact,

or make new findings, by reason of the additional evidence so taken, and may modify or set aside its order, and shall file in the court the additional evidence, the modified findings or new findings, and the modified order or the order setting aside the original order.

4. Other than the enforced one-day departure in 1974, the record shows that Vargas-Gonzalez had come to the United States from Mexico without immigration authorization in 1967 and that he has been continuously present in the United States thereafter, except for a two-day visit to Mexico to get married. (The latter is arguably an insignificant departure, insufficient to interrupt continuity of presence. Cf. *Kamheangpatiyooth v. Immigration and Naturalization Service*, 597 F.2d 1253 (9th Cir. 1979).) He has a wife and home in El Paso, and he has been continuously employed by the same employer since 1969. Although the Board did not reach the issues (because it found that Vargas-Gonzalez did not satisfy the time requirement), the record reflects nothing to question the uncontroverted showing that he fully satisfied the good moral character and the hardship eligibility requirements for suspension.