673 F.2d 225
 Bernardo RIOS-PINEDA, Awc-nja-qcp, husband, and Estarnilada
Ramos de Rios, Aze-dct-swh, wife, Petitioners,
v.
U. S. DEPARTMENT OF JUSTICE, Immigration and Naturalization
Service, Immigration and Naturalization Services,
Omaha, Nebraska, Respondents.
 No. 80-1619.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 11, 1981.
Decided March 12, 1982.
 
 James P. Morris, Atty., Gen. Litigation and Legal Advice Section, Crim. Div., Daniel E. Fromstein, Atty., Crim. Div., Dept. of Justice, Washington, D. C., for respondents.
 Roman de la Campa, Sioux City, Iowa, for petitioners.
 Before HEANEY, HENLEY and McMILLIAN, Circuit Judges.
 HEANEY, Circuit Judge.
 
 
 1
 Bernardo Rios-Pineda and his wife, Estarnilada Ramos de Rios, seek review of the Board of Immigration Appeals' May 30, 1980, decision which held that: (1) Bernardo and Estarnilada are deportable under 8 U.S.C. § 1251(a)(2); (2) voluntary departure under 8 U.S.C. § 1254(e) is inappropriate; (3) Bernardo is ineligible for relief under 8 U.S.C. § 1182(c); and (4) Bernardo is statutorily ineligible to be considered for suspension of deportation under 8 U.S.C. § 1254(a)(1). For the reasons set forth below, we reverse the Board of Immigration Appeals' decision and remand for further proceedings consistent with this opinion.
 
 
 2
 * Bernardo Rios-Pineda and Estarnilada Ramos de Rios were married in Mexico in 1971. In the summer of 1972, Bernardo unlawfully entered the United States, but returned to Mexico sometime around March of 1974 after he was apprehended by Immigration and Naturalization Service (INS) officials in Chicago.[1]
 
 
 3
 On May 1, 1974, Bernardo and Estarnilada entered the United States without inspection at San Ysidro, California, and subsequently made their way to Omaha, Nebraska, where they have resided ever since. Bernardo has worked for the Union Packing Company in Omaha continuously since 1974 and Estarnilada has been a housewife.
 
 
 4
 At the time of the December 12, 1978, deportation hearing before an Immigration Judge, Bernardo was earning $6.40 an hour for his job at Union Packing.[2] The couple owned an automobile and were buying a home for which they had initially paid a $3,000 downpayment. Bernardo and Estarnilada are the parents of two daughters, both of whom were born in Omaha: Ana Belia, born on November 8, 1974; and Brenda Lee, born on February 9, 1979.
 
 
 5
 On October 24, 1978, separate show cause orders alleging deportability under Section 241(a)(2) of the Immigration and Nationality Act (8 U.S.C. § 1251(a) (2)), were issued against Bernardo and Estarnilada. A joint deportation hearing was held before an Immigration Judge in Omaha on December 12, 1978. The Immigration Judge held, inter alia, that an application for suspension of deportation pursuant to 8 U.S.C. § 1254(a)(1)[3] could not be considered as a matter of law because Bernardo did not satisfy the requirement of seven years continuous presence in the United States. The Immigration Judge ordered both Bernardo and Estarnilada to be deported to Mexico.
 
 
 6
 On May 30, 1980, the Board of Immigration Appeals affirmed the Immigration Judge's decision and a timely petition for review was subsequently filed in this Court.
 
 II
 
 7
 In INS v. Jong Ha Wang, 450 U.S. 139, 139-140, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981) (per curiam), the Supreme Court stated that 8 U.S.C. § 1254(a)(1)
 
 
 8
 provides that the Attorney General in his discretion may suspend deportation and adjust the status of an otherwise deportable alien who (1) has been physically present in the United States for not less than seven years; (2) is a person of good moral character; and (3) is "a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." The Attorney General is authorized to delegate his powers under the Act, 8 U.S.C. § 1103, and his authority under § 244 has been delegated by regulation to specified authorities in the Immigration and Naturalization Service. 8 C.F.R. § 2.1 (1979). (Footnotes omitted.)
 
 
 9
 Here, Bernardo and Estarnilada have been physically present in the United States continuously since May 1, 1974. Our review of the record indicates that Bernardo, in addition to being a homeowner in Omaha, has been gainfully employed at Union Packing since May of 1974. Both of Bernardo and Estarnilada's children, Ana Belia and Brenda Lee, were born in Omaha and have resided there since birth.
 
 
 10
 In Vargas-Gonzalez v. INS, 647 F.2d 457 (5th Cir. 1981), the Fifth Circuit reversed a deportation decision by the Board of Immigration Appeals and remanded the proceeding so that the Board could reconsider the petitioner's eligibility for suspension of deportation because the seven-year continuous presence requirement under § 1254(a)(1) had been established during the pendency of the appeal. Id. at 458-459. The Court observed that the petitioner, having met the seven-year continuous presence requirement, established-via facts contained in the record-"a prima facie case entitling him upon proper procedural application to reopen the case for reconsideration of his application for suspension of deportation." Id. at 459.
 
 
 11
 We conclude that Bernardo and Estarnilada, like the petitioner in Vargas-Gonzalez, have "made a substantial showing that the Board should properly afford (them) relief on the basis of the additional evidence available subsequent to the initial hearing. * * * " Id. We accordingly reverse the Board's decision and remand for further proceedings.III
 
 
 12
 In remanding this cause to the Board for further proceedings, we direct the Board to hold this matter in abeyance for sixty days from the date of this decision. If Bernardo and Estarnilada file a proper motion to reopen[4] within the sixty-day period, the Board shall promptly consider and rule upon their claim that they are entitled to suspension of deportation under 8 U.S.C. § 1254(a)(1).[5] If no motion to reopen is filed within sixty days, the Board may dismiss this matter.
 
 
 13
 Reversed and remanded.
 
 
 
 [1]
 Bernardo testified at his December 12, 1978, deportation hearing that he was allowed to leave the United States in 1974 and that no deportation hearing was conducted at that time
 
 
 [2]
 The record reveals that an application for a labor certificate for Bernardo was filed at the Nebraska Labor Department. Although the record is not clear, it appears that Union Packing Company filed the application on Bernardo's behalf
 
 
 [3]
 8 U.S.C. § 1254(a)(1) provides:
 As hereinafter prescribed in this section, the Attorney General may, in his discretion, suspend deportation and adjust the status to that of an alien lawfully admitted for permanent residence, in the case of an alien who applies to the Attorney General for suspension of deportation and-
 (1) is deportable under any law of the United States except the provisions specified in paragraph (2) of this subsection; has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of such application, and proves that during all of such period he was and is a person of good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence(.)
 
 
 [4]
 If a motion to reopen is filed, it should be in accordance with applicable INS regulations as described by the Supreme Court in INS v. Jong Ha Wang, 450 U.S. 139, 140-141 & n.3, 101 S.Ct. 1027, 1029 n.3 (1981). See 8 C.F.R. §§ 3.2, 3.8 (1981)
 
 
 [5]
 We caution the Board to give careful and thorough consideration to the new motion to reopen if, indeed, one is filed. See, e.g., Prapavat v. INS, 662 F.2d 561 (9th Cir. 1981) (per curiam)