Bernardo RIOS–PINEDA and Estarnilada Rios-Pineda de Rios, Petitioners,

v.

UNITED STATES DEPARTMENT OF JUSTICE, IMMIGRATION & NATURALIZATION SERVICE, Respondent.

No. 82–1894.

United States Court of Appeals, Eighth Circuit.

Submitted March 16, 1983.

Decided Nov. 9, 1983.

Rehearing and Rehearing En Banc Denied Jan. 13, 1984.

---

Lauri Steven Filppu, Daniel E. Fromstein, Attys., Dept. of Justice, Gen. Litigation and Legal Advice Section, Crim. Div., Washington, D.C., for respondent.

Roman De La Campa-Casanovas, Sioux City, Iowa, for petitioners.

Before HEANEY and FAGG, Circuit Judges, and HANSON,* Senior District Judge.

HEANEY, Circuit Judge.

This case is before us for a second time. The petitioners are Bernardo Rios-Pineda and his wife, Estarnilada Ramos de Rios. We are asked in this petition to review the July 16, 1982, decision of the Board of Immigration Appeals denying the petitioners' motion to reopen deportation proceedings against them. We do not consider the instant petition in a vacuum. We are aware, as were both parties at oral argument in March of this year, of recent legislative action which would render it moot. Specifically, proposals to reform our federal immigration laws, backed by the present executive administration and twice passed by the United States Senate, would grant amnesty from deportation to millions of immigrants presently within our borders. *See* 129

---

* The Honorable WILLIAM C. HANSON, Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

Cong.Rec. S6905–S6987 (daily ed. May 18, 1983) (consideration and passage of S. 529, 98th Cong., 1st Sess. (1983)). The petitioners would be beneficiaries of this much-awaited legislation. Because it is increasingly apparent that the House of Representatives will not act on these proposals this year, however, we have no choice but to decide this case based on an immigration policy embodied in laws passed in substance over two decades ago.

Bernardo Rios-Pineda entered this country for the first time in the summer of 1972. He returned to Mexico for approximately two months in 1974. On May 1, 1974, he and his wife entered the United States without inspection at San Ysidro, California, and soon made their way to Omaha, Nebraska. Bernardo has worked at Union Packing Company in Omaha since 1974. The petitioners have two daughters born in Omaha as United States citizens: Ana Belia, who is now nine years of age; and Brenda Lee, who is four years old.

The Immigration and Naturalization Service (INS) issued orders to show cause why the petitioners should not be deported in October of 1978. After a deportation hearing on December 12, 1978, an immigration judge denied, *inter alia,* Bernardo's application for suspension of deportation under 8 U.S.C. § 1254(a)(1) (1982) (as amended). Section 1254(a)(1) provides that the Attorney General may suspend the deportation of a person not lawfully admitted into the country if that person

> has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of such application, and proves that during all of such period he was and is a person of good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence * * *.

*Id.*

The immigration judge—acting for the Attorney General's delegate, the INS—denied Bernardo's application under this section solely because he failed to meet the seven-year continuous presence requirement. The Board of Immigration Appeals (Board) dismissed the petitioners' appeal from this decision on May 30, 1980.

We reviewed the Board's May 30, 1980, dismissal in our first opinion on this case, *Rios-Pineda v. United States Department of Justice,* 673 F.2d 225 (8th Cir.1982). In that opinion, we noted that both Bernardo and Estarnilada met the seven-year continuous presence requirement while the petition for review was under consideration by our Court. Citing *Vargas-Gonzalez v. INS,* 647 F.2d 457, 459 (5th Cir.1981), and outlining the petitioners' employment and family situation, we concluded "that Bernardo and Estarnilada * * * have 'made a substantial showing that the Board should properly afford [them] relief on the basis of the additional evidence available subsequent to the initial hearing.'" *Rios-Pineda v. United States Department of Justice, supra,* 673 F.2d at 227. Accordingly, we reversed the Board's decision and granted the petitioners sixty days in which to file a "motion to reopen" their deportation proceedings, at which time the Board was directed to "promptly consider and rule upon their claim that they are entitled to suspension of deportation under 8 U.S.C. § 1254(a)(1)." *Id.* at 228 (footnote omitted).

On July 16, 1982, the Board denied the petitioners' motion to reopen after remand from this Court. First, the Board declared that it would deny the motion, regardless of its merit, because it had been filed in an untimely and improper manner. *See* 8 C.F.R. §§ 3.2, 3.8 (1983). Second, assuming that the motion were properly filed, the Board held that the petitioners, by exhibits filed and allegations made in that motion, failed to make a "prima facie showing of extreme hardship to establish eligibility for suspension of deportation." Finally, the Board held that the motion should alternatively be denied in the exercise of discretion because the petitioners "acquired their 7

years of physical presence and the additional factor of their second child" by filing "frivolous appeals," and because they showed "disregard for our immigration laws by paying a smuggler to help them avoid inspection [in 1974] and by failing to depart voluntarily."

On petition for review of the Board's July 16, 1982, decision, Bernardo and Estarnilada contend that the Board abused its discretion in summarily denying their motion to reopen. They assert that the motion and supporting exhibits were filed with the Board within the time constraints set out in our earlier opinion. They also contend that, given that opinion, their motion, and the filed exhibits, the Board erred in finding that they had failed to establish a prima facie case of extreme hardship. Finally, they assert that the discretionary reasons given by the Board for denying them any relief were improper. Because of the unique course of proceedings in this case, we agree with the petitioners' contentions and remand to the Board to grant their motion to reopen and to afford them an opportunity to fully substantiate their claims that deportation would cause extreme hardship to themselves or their United States citizen children.

■ First, we hold that their motion to reopen was properly filed within the constraints set out in our earlier order of remand. *See Rios-Pineda v. United States Department of Justice, supra,* 673 F.2d at 228 & n. 4. While we agree that the motion apparently did not reach the party designated in 8 C.F.R. § 3.8 (1983) within the sixty-day period set forth in our decision, the record shows that the motion was received by other Board officials within that time period. A memorandum from the INS District Director in Omaha to the Board's national office on June 24, 1982, acknowledged that the motion had been mailed directly to the Board on May 7, 1982.[1] Thus, the Board received the motion within sixty days of our March 12, 1982, opinion,

even though the precise officer designated in the regulations was not forwarded the motion until later. *See id.* § 3.8(b). We refuse to give this technical error in filing dispositive significance in a case of such importance to the petitioners and their family.

■ Next, we agree with the petitioners that the Board erred in denying the motion to reopen for want of a prima facie showing of the extreme hardship necessary to be eligible for section 1254(a)(1) relief. Normally, we review the Board's findings regarding a prima facie case of extreme hardship sufficient to merit reopening under an abuse of discretion standard. *See INS v. Wang,* 450 U.S. 139, 142, 144–145, 101 S.Ct. 1027, 1030, 1031, 67 L.Ed.2d 123 (1981) (per curiam); *Diaz-Salazar v. INS,* 700 F.2d 1156, 1159–1160 (7th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 3112, 77 L.Ed.2d 1367 (1983); *Aiyadurai v. INS,* 683 F.2d 1195, 1199 (8th Cir.1982). Where an issue has previously been decided on appeal, however, that decision binds a tribunal on remand as the law of the case unless the decision was clearly erroneous or would result in a manifest injustice. *Otten v. Stonewall Insurance Co.,* 538 F.2d 210, 212–213 (8th Cir.1976). The "law of the case" doctrine is equally applicable in instances of remand to administrative agencies and remand to lower courts. *City of Cleveland v. Federal Power Commission,* 561 F.2d 344, 346 (D.C.Cir.1977). *See also Todd & Co. v. SEC,* 637 F.2d 154, 156–157 (3d Cir.1980).

In the instant case, we concluded that the fulfillment of the seven-year continuous presence requirement pending our review merited remand for further proceedings on the petitioners' section 1254(a)(1) claims. *Rios-Pineda v. United States Department of Justice, supra,* 673 F.2d at 227–228. Implicit in this conclusion was our decision that a prima facie case of extreme hardship, along with the other requirements of section 1254(a)(1), had already been established; thus, we remanded for prompt considera-

---

1. We assume that the reference to the Board in the text of this memorandum was to its region-

al office in Nebraska.

tion and ruling on petitioners' *"claim"* for section 1254(a)(1) relief, not just for extra time to file a motion to reopen in the normal course. *Id.* at 228 (emphasis added).[2] The Fifth Circuit case cited in support of our remand was likewise one in which the court found a prima facie case meriting full consideration on remand. *Vargas-Gonzalez v. INS, supra,* 647 F.2d at 459 & n. 4. Therefore, our holding of prima facie eligibility for a section 1254(a)(1) suspension was the law of the instant case, not challenged by the Board before this Court en banc or on certiorari to the Supreme Court.

As we view this holding today, we conclude that it is not clearly erroneous. The only prima facie factor which conceivably could have been decided against the petitioners after the seven-year continuous presence requirement was met would be the extreme hardship to the petitioners or their United States citizen children. The record of this case in 1982 clearly established that Bernardo had been regularly employed by Union Packing Company since 1974, and that the petitioners had made a substantial down payment on a home. Additionally,

the petitioners' citizen children had lived in the United States since birth. These facts are reinforced by the exhibits filed by the petitioners on remand after our 1982 decision. And importantly, neither the immigration judge nor the Board questioned any element of prima facie eligibility, besides the seven-year prerequisite, before our 1982 opinion. These circumstances are sufficient to support our previous holding of prima facie eligibility. Furthermore, we find no manifest injustice to the Board in affirming this holding as the law of the case, if indeed any such injustice could be experienced by an agency of the government.[3]

Finally, we must address the Board's exercise of discretion over and above the establishment of a prima facie case of eligibility, an issue which we did not consider in our prior decision. The Ninth Circuit has held that once a prima facie case of eligibility under section 1254(a)(1) is established, the Board abuses its discretion in refusing to reopen and grant a hearing on the matter. *Villena v. INS,* 622 F.2d 1352, 1361 n. 12 (9th Cir.1980); *Urbano de Malaluan v. INS,* 577 F.2d 589, 593 (9th Cir.1978). Deci-

**2.** We realize that in the closing footnote to our previous opinion, we stated that the Board should give "careful and thorough consideration to the new motion to reopen." *Rios-Pineda v. United States Department of Justice,* 673 F.2d 225, 228 n. 5 (8th Cir.1982). Although this language could be read in isolation to indicate that the Board was free to make an independent ruling regarding the prima facie case issue on remand, the language of the text indicated equally strongly that we had made final disposition of that issue. In fairness to the petitioners, we resolve whatever ambiguity we created in footnote 5 of our earlier decision in their favor.

**3.** Even were we to hold that the petitioners' prima facie eligibility for suspension of deportation was not a matter previously decided by this Court, we would find that the Board abused its discretion in declining to find the requisite extreme hardship to merit reopening the deportation proceedings herein. A careful examination of the exhibits filed with the petitioners' motion to reopen reveals that for several years, Bernardo claimed his mother in Mexico, Guadalupe Pineda, as a dependent on his United States federal income tax returns. The burden placed on the petitioners by deporting them in the face of such family ties and respon-

sibilities has never been considered by the Board. In addition, the motion to reopen indicates that the petitioners' United States-born children may only speak English, increasing their educational and social hardship should they be forced to go to Mexico with their parents, especially in the case of Ana Belia who has completed several years of education in Omaha. The Board's decision on remand from this Court failed to consider these specific factors, alone or in the aggregate with others in the record, as relevant to a prima facie showing of extreme hardship. Such disregard is an abuse of discretion. *See Batoon v. INS,* 707 F.2d 399, 401–402 (9th Cir.1983); *Antoine-Dorcelli v. INS,* 703 F.2d 19, 20–21 (1st Cir.1983); *Ramos v. INS,* 695 F.2d 181, 186 & n. 12, 188 (5th Cir.1983); *Santana-Figueroa v. INS,* 644 F.2d 1354, 1356 (9th Cir.1981).

Furthermore, several courts have recognized the difficulty in declaring no extreme hardship to an immigrant's United States citizen children without a hearing. *E.g., Luna v. INS,* 709 F.2d 126, 128 (1st Cir.1983); *Urbano de Malaluan v. INS,* 577 F.2d 589, 594 (9th Cir.1978). We agree with these courts and consider this an important factor in reviewing any denial of a motion to reopen in which extreme hardship to United States citizen children is alleged and supported by evidence.

sions by other courts intimate, however, that the Board may exercise the Attorney General's discretion, reflected both in statute and regulations, to deny a motion to reopen even after the petitioner has established a prima facie case of eligibility. *See INS v. Wang, supra,* 450 U.S. at 143 n. 5, 101 S.Ct. at 1030 n. 5; *LeBlanc v. INS,* 715 F.2d 685, 692 (1st Cir.1983); *Moore v. INS,* 715 F.2d 13, 16 n. 2 (1st Cir.1983). Even assuming that the latter approach is correct and applicable to a motion to reopen on remand from an appellate court, we cannot accept the reasons given by the Board to support its denial of the petitioners' motion to reopen "in the exercise of discretion."

The Board first held that the petitioners prolonged their presence in this country, thus meeting the seven-year requirement of section 1254(a)(1), by filing "frivolous appeals." While in some cases an abuse of judicial processes might be a factor relevant to a discretionary refusal to reopen deportation proceedings, *see LeBlanc v. INS, supra,* 715 F.2d at 693, the appeals and petitions for review in this case do not fall into the "frivolous" category. Indeed, this Court has now twice considered petitions which, regardless of their ultimate success, have required further proceedings to fully and fairly decide the petitioners' claim of their right to stay in this country. The other discretionary factor considered by the Board in denying the motion to reopen was the petitioners' "disregard" of our immigration laws by using a paid smuggler to illegally enter this country and refusing to depart voluntarily. Such "disregard" is necessarily present in some form in most deportation proceedings, however, and we find reliance on this factor to be "arbitrary, irrational, [and] contrary to the law." *Batoon v. INS,* 707 F.2d 399, 401 (9th Cir.1983) (citation omitted). Consideration of these improper and irrelevant factors tainted the Board's exercise of discretion and is therefore grounds to reverse the denial to reopen the petitioners' case. *See Chung v. United States INS,* 602 F.2d 608, 612 n. 7 (3d Cir. 1979).

In short, we find that the Board abused the discretion which remained after our remand of this case by refusing to give the petitioners a full and fair opportunity to present their evidence of extreme hardship and failing to render a reasoned decision based upon that evidence. The Board was not free to reconsider the prima facie case issue, and it abused the Attorney General's discretion in denying the petitioners' motion regardless of their prima facie showing. We do not question the Board's sincerity in attempting to implement the immigration policy which languishes in our federal statutes. We do require that policy be followed to the letter and in a spirit of total fairness to those persons who may be permanently exiled from our shores as a result of its implementation. We therefore remand to the Board with directions that it reopen the petitioners' deportation proceedings, with a full hearing before an immigration judge if requested, in order to make a reasoned determination of their eligibility for a section 1254(a)(1) suspension of deportation by virtue of the resultant extreme hardship to themselves or either of their daughters, Ana Belia or Brenda Lee.

Reversed and remanded.