Abdul Karim SHYLLON, Petitioner,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 83–1381.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 17, 1983.

Decided Feb. 29, 1984.

As Amended on Denial of Rehearing
April 30, 1984.

Robert Frager, P.C., Kansas City, Mo.,
for petitioner.

J. Paul McGrath, Asst. Atty. Gen., Civ.
Div., Thomas W. Hussey, Atty., Civ. Div.,
Robert Kendall, Jr., Atty., Office of Immi-
gration Lit., Civ. Div., U.S. Dept. of Justice,
Washington, D.C., for respondent.

Before ROSS, ARNOLD and BOWMAN,
Circuit Judges.

ROSS, Circuit Judge.

Abdul Karim Shyllon and his wife seek
review of an order of deportation, the dis-
missal of their subsequent appeal by the
Board of Immigration Appeals (BIA) and a
denial by the BIA of a motion to reopen.

On appeal petitioner contends the follow-
ing:

1) The BIA erred in dismissing petition-
er's appeal on December 20, 1982. He
claims he was out of status only because of
INS actions and therefore the Immigration
and Naturalization Service (INS) should be
estopped from deporting him.

2) The BIA abused its discretion in deny-
ing petitioner's motion to reopen for the
reasons set forth below.

We affirm the dismissal of the appeal, but remand for an evidentiary hearing on the motion to reopen.

Petitioner Abdul Karim Shyllon entered the United States on December 21, 1970, as a temporary nonimmigrant student pursuant to 8 U.S.C. § 1101(a)(15)(F)(i) (1976). He and his wife, who entered at the same time as the spouse of a student, are natives of Sierra Leone, a small independent country in western Africa. They now have three children who were all born in the United States.

Petitioner's problems with the INS began in 1974 when he applied for permission to transfer to Lincoln University in Missouri and to continue part-time employment. The transfer of schools was approved and his stay was extended through December 29, 1975, but no decision was made on the request to continue employment. Petitioner was in contact with the INS regarding his employment request when he was charged with being deportable for unauthorized employment. During the pendency of the hearing on this charge, the INS filed an additional charge claiming that petitioner was an overstay.

In mid-1977, petitioner, through his newly retained counsel, filed for an extension of stay and once again requested permission to continue part-time employment. The INS did not consider this application because petitioner was involved in deportation proceedings. On December 28, 1978, the immigration judge dismissed the unauthorized employment charge, but sustained the overstay charge. While an appeal was pending, petitioner's attorney withdrew from the case. The BIA dismissed the appeal on December 20, 1982, and granted petitioner 30 days in which to depart voluntarily at his own expense. The INS mailed a copy of the decision to petitioner, but it was returned undelivered. On February 16, 1983, the INS mailed a "bag and baggage" letter to petitioner instructing him to report for deportation on March 1, 1983. Petitioner claims he did not receive either of these notices.

Petitioner was personally contacted on March 4, 1983, by a service agent and told to report to the Kansas City Service Office on March 7. On that date he retained another attorney and filed an application for a stay of deportation requesting time to document an application for suspension of deportation under 8 U.S.C. § 1254(a)(1) (1976).[1] The application for stay was denied based on his prior immigration history.

On March 10, 1983, counsel sent a letter to the BIA which contained a preliminary statement summarizing the evidence to be included in a motion to reopen and requested that he be allowed a period of 45 days to amend and make more complete his motion.

■ On April 6, 1983, petitioner's counsel filed an amended motion to reopen with affidavits and supporting documentation. On April 8, the district director denied the motion to reopen, without giving consideration to the documents filed April 6.

To establish that a nonimmigrant is deportable as an "overstay," the INS must show by "clear and convincing evidence," [citation omitted] that he was admitted as a nonimmigrant for a temporary period, that the period has elapsed, and that he has not departed. [Citation omitted.] Only the grant of an extension of stay can prevent an overstay from being deportable.

---

1. 8 U.S.C. § 1254(a)(1) provides that:

[T]he Attorney General may, in his discretion, suspend deportation and adjust the status to that of an alien lawfully admitted for permanent residence, in the case of an alien who applies to the Attorney General for suspension of deportation and—

(1) is deportable under any law of the United States except the provisions specified in paragraph (2) of this subsection; has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of such application, and proves that during all of such period he was and is a person of good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence;

*Wellington v. INS,* 710 F.2d 1357, 1359 (8th Cir.1983); *Torabpour v. INS,* 694 F.2d 1119, 1122 (8th Cir.1982). The INS has clearly established that petitioner entered the United States on December 21, 1970, as a nonimmigrant, his last extension of stay expired December 29, 1975, and at the time of the deportation proceedings [2] he had not applied for an extension of stay. Petitioner contends that the failure of the INS to respond promptly on the request to continue part-time employment constitutes "affirmative misconduct" which estops the government from enforcing the immigration laws. The Supreme Court has not decided whether this estoppel argument is available against the government, *INS v. Miranda,* 459 U.S. 14, 103 S.Ct. 281, 284, 74 L.Ed.2d 12 (1982); *INS v. Hibi,* 414 U.S. 5, 8–9, 94 S.Ct. 19, 21–22, 38 L.Ed.2d 7, *reh'g denied,* 414 U.S. 1104, 94 S.Ct. 738, 38 L.Ed.2d 559 (1973); *Bae v. INS,* 706 F.2d 866, 870 (8th Cir.1983), but in *INS v. Miranda, supra,* the Court held that an 18-month delay in considering an application for a spousal immigrant visa was not "affirmative misconduct." In the instant case, there was confusion and delay regarding petitioner's employment application and thus the charge was not sustained by the immigration judge in his December 28, 1978 decision. Even if the problem on the employment application constituted "affirmative misconduct" on the part of the government, the petitioner failed to allege a connection between the confusion on the employment application and his failure to leave the country on December 29, 1975, the date his extension expired. The overstay charge was properly decided and petitioner's argument is without merit.

■ The standard of review of the denial of a motion to reopen deportation proceedings is limited to whether the denial was an abuse of discretion. *Bae v. INS, supra,* 706 F.2d at 869; *Samimi v. INS,* 714 F.2d 992, 995 (9th Cir.1983); *Aiyadurai v. INS,* 683 F.2d 1195, 1199 (8th Cir.1982).

■ The BIA may grant motions to reopen deportation proceedings if the evidence sought to be offered is material, was not available, and could not have been reasonably discovered or presented before. *Bae v. INS, supra,* 706 F.2d at 870; 8 C.F.R. § 3.2 (1981). Petitioner's first attorney withdrew on November 28, 1979, and he was without counsel until March 7, 1983. Because of this lapse in representation, petitioner may have been unaware of the serious nature of his situation and his possible eligibility for 8 U.S.C. § 1254(a)(1) suspension of deportation relief. The original motion to reopen sent by new counsel to the BIA was dated March 10, 1983, and requested an additional 45 days to allow petitioner time to amend and make more complete and specific his motion to reopen and to furnish documentation in support thereof. Petitioner's attorney did in fact send the documentation on April 6, but it was returned without being considered because the BIA stated that a decision had already been reached.

■ After careful review of the record in this case we are convinced that the BIA's failure to consider the amended motion to reopen, together with the supporting documents sent to them on April 6, 1983, was an abuse of discretion. We direct the BIA to give careful and thorough consideration to the documented motion to reopen. If the case is reopened it is possible that petitioner may qualify for relief under 8 U.S.C. § 1254(a)(1),[3] *see generally Rios-Pineda v. U.S. Dep't of Justice,* 720 F.2d 529 (8th Cir.1983) (factors to be considered for relief); *see also Rios-Pineda v. U.S. Dep't. of Justice,* 673 F.2d 225 (8th Cir.1982). We remand to the BIA with instructions to determine whether or not petitioner's

2. The deportation proceedings commenced December 28, 1976, and were completed June 23, 1977.

3. The record shows that petitioner has been in the United States for 13 years. Affidavits included in petitioner's brief support his good moral character. He has three minor children who were born in the United States and have lived their whole lives here. In addition, petitioner teaches accounting at Lincoln University and has recently established a partnership in a bookkeeping firm in Jefferson City.

amended motion, including the April 6th affidavits, establish a *prima facie* eligibility for suspension of deportation that would warrant reopening his deportation proceedings.