**Hamid Koohzad MOHAMADI and Farkhondeh Moayer Mohamadi, Petitioners,**

**v.**

**UNITED STATES IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 85–2344.

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1986.

Decided Sept. 26, 1986.

As Amended Oct. 24, 1986.

---

Joseph R. Dierkes, St. Louis, Mo., for petitioners.

Michael Lindemann, Washington, D.C., for respondent.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Hamid K. Mohamadi and Farkhondeh M. Mohamadi, Iranian citizens and parents of a two year old child who is a citizen of the United States by birth, charge that the Immigration and Naturalization Service (INS) Board of Immigration Appeals abused its discretion by refusing their request for additional time to supplement, and by denying their Petition to Reopen Deportation Proceedings. For the reasons discussed below, we remand the case to the Board for further proceedings consistent with this opinion.

Hamid and Farkhondeh Mohamadi entered the United States on nonimmigrant student visas. Mr. Mohamadi has resided continuously in the United States since June 1975. Mrs. Mohamadi, except for a brief return to Iran in 1979, has resided in this country since January 1977. Petitioners were married in 1979 and are the parents of a daughter, born in the United States on October 11, 1983.

On December 2, 1982, the INS commenced deportation proceedings against the petitioners, charging that Mr. Mohamadi had failed to maintain his student status, and that both had taken part-time employment, in violation of their visa terms. On January 20, 1982, the petitioners were adjudged deportable. They were given thirty days to voluntarily leave the United States, failing which they would be deported. They appealed this ruling to the Board of Immigration Appeals; at that time their counsel withdrew from the case. Before a ruling on their appeal, petitioners changed address several times, admittedly without notifying the INS.

On January 20, 1985, the Board dismissed petitioners' appeals and gave them a second period of thirty days to voluntarily leave the United States. Petitioners claim that they did not receive notice of this action. At the end of the thirty-day period, warrants for their deportation were issued.

On October 15, 1985, Mr. Mohamadi applied for a state vehicle inspection license in Jefferson City, Missouri. A required record check revealed the outstanding warrants. Mr. Mohamadi subsequently was taken into custody and delivered to INS officers. Counsel was retained and, on October 18, 1985, filed joint Applications for Stay of Deportation and Petition to Reopen Deportation Proceedings. On October 21, 1985, while Mr. Mohamadi remained in custody, his counsel forwarded a written request to the Board of Immigration Appeals requesting that the board grant petitioners an additional forty-five days in which to fully document their Petition to Reopen Deportation Proceedings.

On October 29, 1985, the Board of Immigration Appeals denied the petition to reopen, stating that the petitioners had failed to make a prima facie showing of eligibility for suspension of deportation. The Board again ordered petitioners to leave the United States in thirty days, or be deported. The Board did not rule on the request for additional time.

The Mohamadis argue that the Board of Immigration Appeals abused its discretion in refusing their request for additional time to supplement, and in denying their petition

to reopen. They specifically challenge the Board's conclusion that they had failed to make a prima facie showing of eligibility for suspension of deportation.

In its brief and at oral argument, the respondents strenuously argued that the Board did not receive petitioners' October 21 letter requesting additional time. Further, respondents maintained that such a request would have been denied had it been received. Subsequently, on April 25, 1986, the respondents filed a motion to correct the administrative record to include a copy of the letter requesting additional time. The letter bears a stamp identifying that it was received by the Board on October 28, 1985. We granted the motion and the letter is in the record before us.[1]

■ The Board may, in its discretion, grant motions to reopen deportation proceedings if the evidence sought to be offered is material, was not previously available, and could not have reasonably been discovered or presented earlier. *Id.* at 1089; *Bae v. Immigration and Naturalization Service,* 706 F.2d 866, 869–70 (8th Cir.1983). We will reverse the denial of a Petition to Reopen Deportation Proceedings only on a showing that the Board abused its discretion. *Shyllon v. Immigration and Naturalization Service,* 728 F.2d 1087, 1089 (8th Cir.1984).

In *Shyllon,* on facts similar to those before us, we held that the Board had abused its discretion in denying a Petition to Reopen Deportation Proceedings without considering an amended petition containing supplementary documentation. *Id.* In *Shyllon,* the petitioners had resided continuously in the United States for thirteen years and were the parents of three children who were citizens of the United States by birth. *Id.* at 1088–89. They were adjudged deportable and ordered to report to the INS for deportation. Their counsel filed a preliminary statement summarizing evidence in support of a petition for suspension of deportation and requested forty-five days additional time to supplement the petition. Before the forty-five days expired, a supplemental petition was filed. The Board refused to consider the additional documentation on the ground that it had already decided the case.

We held in *Shyllon* that the Board's failure to consider the amended petition to reopen, with its supporting documents, was an abuse of discretion. We noted that the petitioners had been without counsel for some period following being classified as deportable, and may have been unaware of the possibility for suspension of deportation under 8 U.S.C. § 1254(a)(1) (1982 & Supp. III 1984).[2] *Id.* at 1089. We determined that affidavits lauding petitioners' good moral character, the fact that their children were United States citizens, and Mr. Shyllon's positive career history suggested that the petitioners may have qualified for suspension of deportation.

■ The facts in this case are quite similar to *Shyllon.* We believe that the information in petitioners' motion to reopen and the accompanying letter demonstrated sufficient and justifiable grounds for granting their request for forty-five days additional time to present supplementary documentation. Hamid Mohamadi has been continu-

---

1. An additional motion was filed April 8, 1986 with a copy of the letter attached and an affidavit of petitioner's counsel reciting that in reviewing the INS file on April 1, 1986 the copy of the letter with the received stamp had been located. On April 4, the government filed a letter and declaration stating that on April 2, 1986 counsel had been informed by its original affiant of the discovery of the letter in the file on the previous day.

2. 8 U.S.C. § 1254(a)(1) provides:
   [T]he Attorney General may, in his discretion, suspend deportation and adjust the status to that of an alien lawfully admitted for permanent residence, in the case of an alien who applies to the Attorney General for suspension of deportation and—
   (1) is deportable under any law of the United States except the provisions specified in paragraph (2) of this subsection; has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of such application, and proves that during all of such period he was and is a person of good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

ously in the United States for nine years. He and his spouse also were without advice of counsel when they were classified deportable. His petition to reopen deportation proceedings stated that he was in custody, making it difficult to properly document the petition. The accompanying letter stressed that he was the parent of a two year old child who was a United States citizen, and that deportation to Iran could cause the child extreme hardship. These facts point to the possibility of suspension of deportation. The Board's failure to consider the request for additional time to further document this petition was an abuse of discretion.

The case is remanded to the Board of Immigration Appeals with direction that it consider the Mohamadis' request for additional time to develop the record. In view of the passage of time and the Board's unfortunate failure to adequately maintain the record, we believe that a denial of this request should be carefully justified. If the request is granted, we are satisfied that the Board will carefully consider the petition to reopen deportation proceedings. Deportation is stayed pending the Board's reconsideration of the request for additional time and, if the request for additional time is granted, pending reconsideration of the petition to reopen.