989 F.2d 505
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
John MOMOH, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE; Carl R. Houseman,
District Director, I.N.S.; Janet Reno,
* Attorney General of the
United States of America, Respondents.
 No. 92-3284.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 19, 1993.
Filed: March 26, 1993.
 
 Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 John Momoh petitions for review of the Board of Immigration Appeals' (BIA) order (1) dismissing his appeal from the Immigration Judge's (IJ) finding that he was deportable and (2) denying his motion to remand and reopen the proceedings. We affirm.
 
 
 2
 Momoh, who is a Nigerian citizen, most recently entered the United States in 1984 as a student (non-immigrant status). Momoh was granted authorization to work up to twenty hours per week. In May 1986, the Immigration and Naturalization Service (INS) issued an order to show cause why Momoh should not be deported for failing to comply with the conditions of his student status by working more than twenty hours per week. In a superseding order to show cause, the INS added a second ground for deportation not at issue here.
 
 
 3
 At a deportation hearing before the IJ, Momoh's counsel conceded that Momoh was deportable for failing to comply with the conditions of his student status, but for a reason other than exceeding his authorized work hours: Momoh had failed to maintain the required full-time course load. Momoh also personally conceded his deportability for failing to maintain his student status. After hearing additional testimony, the IJ denied Momoh the discretionary relief of voluntary departure. The BIA dismissed Momoh's appeal, holding that Momoh could not contest his deportability when he had conceded it before the IJ. The BIA also denied Momoh's motion to remand and reopen the proceedings because he had not established prima facie eligibility for the relief he sought upon remand.
 
 
 4
 We reject Momoh's argument that the BIA erred in dismissing his appeal. The majority of Momoh's arguments before us involve attacks on his deportability, including his claim that the INS failed to establish his deportability by clear and convincing evidence. While generally the INS must establish by clear and convincing evidence that an alien is deportable, see Wellington v. INS, 710 F.2d 1357, 1359 (8th Cir. 1983), where-as here-an alien concedes his deportability, the INS need not present supplementary evidence on the issue. See Paointhara v. INS, 708 F.2d 472, 474 (9th Cir. 1983) (per curiam), amended, 721 F.2d 651 (9th Cir. 1983).
 
 
 5
 We review for abuse of discretion the denial of Momoh's motion to reopen his deportation proceedings. See Shyllon v. INS, 728 F.2d 1087, 1089 (8th Cir. 1984). We conclude that the BIA did not abuse its discretion because Momoh did not demonstrate prima facie eligibility for the relief he sought upon remand.
 
 
 6
 Accordingly, we affirm.
 
 
 
 *
 Janet Reno recently succeeded William P. Barr as Attorney General. Pursuant to Federal Rule of Appellate Procedure 43(c)(1), she is substituted for him in this suit