**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1478

_____

Peter C. Brachtel,        *
          *

       Appellant,        *
          *    Appeal from the United States
    v.                *    District Court for the
          *    Southern District of Iowa.
Kenneth S. Apfel, Commissioner of    *
Social Security Commission,[1]       *
          *
       Appellee.         *

_____

Submitted: November 20, 1997
Filed: December 18, 1997

_____

Before BOWMAN and MURPHY, Circuit Judges, and CONMY,[2] District Judge.

_____

BOWMAN, Circuit Judge.

Appellant Peter Brachtel appeals the judgment of the District Court[3] affirming the decision of the Commissioner of Social Security denying disability benefits.

_____

[1]Kenneth S. Apfel has been appointed to serve as Commissioner of Social Security, and is substituted as appellee pursuant to Fed. R. App. P. 43(c).

[2]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota, sitting by designation.

[3]The Honorable Harold D. Vietor, United States District Judge for the District of Iowa.

Brachtel first applied for disability insurance benefits and Supplemental Security Income benefits in 1991. Brachtel's applications were denied. An administrative law judge (ALJ) then conducted a hearing and issued a decision denying benefits. Brachtel appealed to the District Court, which reversed the decision, ruling that the ALJ's decision was not supported by substantial evidence. The court remanded the case to the ALJ to create a full and proper record. Specifically, the District Court found that the ALJ's hypothetical question to the vocational expert was inadequate in several ways.

On remand, the ALJ again determined that Brachtel was not disabled and accordingly denied benefits. Brachtel again appealed to the District Court. This time the court held that the ALJ's decision was supported by substantial evidence and affirmed the ALJ's decision. This appeal followed.

I.

Brachtel argues that the hypothetical, upon which the ALJ relied in denying benefits, was defective because it failed to include: 1) the impairment requiring that Brachtel lie down frequently throughout the day; 2) certain impairments noted by consultative psychiatrists and psychologists; and 3) impairments that even the ALJ himself accepted as existing. We believe the hypothetical was adequate.

We must affirm the judgment of the district court if there is substantial evidence on the record as a whole to support the decision of the ALJ. See Smith v. Shalala, 31 F.3d 715, 717 (8th Cir. 1994). A vocational expert's testimony constitutes substantial evidence only if that testimony is based on a proper hypothetical. See Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996). A hypothetical is proper only if it includes all of the claimant's relevant impairments. See Baugus v. Secretary of Health and Human Serv., 717 F.2d 443, 447 (8th Cir. 1983). If the hypothetical does not relate all of a claimant's impairments, the resulting testimony of the vocational expert cannot

constitute substantial evidence to support the ALJ's decision.  See Ekeland v. Bowen, 899 F.2d 719, 722 (8th Cir. 1990).

## A. The Need To Lie Down

Brachtel first argues that the hypothetical upon which the ALJ relied failed to contain an assumption that Brachtel would need to lie down frequently throughout the day.  At the first administrative hearing, there was evidence suggesting that Brachtel needed to lie down as a result of medication he took for headaches.  The ALJ asked the vocational expert several hypotheticals, one of which included the need to lie down during the day.  The vocational expert responded by stating that this impairment would eliminate the prospect of employment.  The ALJ, however,  found Brachtel's need to lie down not credible and denied benefits by relying on a different hypothetical, one which did not include the lying-down impairment, wherein the vocational expert identified four jobs Brachtel could perform.  In its first opinion, the District Court stated:

> It was similarly erroneous for the ALJ to dismiss the [vocational expert]'s testimony about the hypothetical encompassing the need to take naps. There is evidence on the record to suggest such a need would be present, and indeed, no evidence of record to contradict such an alleged need. . . . [T]he ALJ has a duty to develop the record completely . . . .

Admin. Tr. at 614 (Mem. Op. of Dist. Ct.).  At the hearing on remand, the ALJ again did not include the lying-down impairment in the hypothetical upon which he relied to deny benefits.  On appeal, Brachtel argues that the above passage indicates that the District Court made a finding of fact regarding the lying-down impairment and, therefore, that the "law of the case" doctrine required the ALJ to include this impairment in the hypothetical.

"The law of the case doctrine prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings . . . ." United States v. Bartsh, 69 F.3d 864, 866 (8th Cir. 1995). The "law of the case" doctrine also applies to administrative agencies on remand. See Rios-Pineda v. United States Dep't of Justice, I.N.S., 720 F.2d 529, 532 (8th Cir. 1983), rev'd on other grounds, 471 U.S. 444 (1985); see also Chicago & N. W. Transp. Co. v. United States, 574 F.2d 926, 930 (7th Cir. 1978). Thus, if the District Court actually found that Brachtel needed to lie down, the ALJ would be bound by that finding.

The "law of the case" doctrine is inapplicable here because the District Court did not actually decide (i.e., make a finding of fact) that Brachtel needed to lie down. First, the District Court did not specifically instruct the ALJ to proceed on remand based upon a finding of fact that Brachtel needed to lie down. The court simply instructed the ALJ to create a full and proper record. Second, and more telling, had the District Court made the finding of fact, it would have reversed the ALJ's decision and mandated payment of benefits--not remanded to the ALJ for further proceedings. The vocational expert had already established, and it is not now disputed, that if Brachtel needed to lie down, there would be no employment opportunities available. With no employment opportunities, Brachtel would be eligible for benefits without the need for further inquiry; a remand would have been pointless. Finally, the District Court affirmed the ALJ's denial of benefits the second time around. In doing so, the District Court necessarily rejected the argument that the ALJ was compelled by its previous order to find that Brachtel needed to lie down throughout the day. See Admin. Tr. at 986 (Affirmance by Dist. Ct.). The District Court knew its original intent in remanding the case, and we will defer to the District Court's construction of its own order.

Because the "law of the case" doctrine does not apply here, the ALJ was free to find facts concerning Brachtel's need to lie down. Thus, as long as there is evidence in the record to support the ALJ's finding that Brachtel's need to lie down was not

credible, evidence which is present, the vocational expert's answer to a hypothetical without the lying-down impairment constitutes substantial evidence.

## B. Consultative Examinations

Brachtel next argues that the ALJ failed to include in the hypothetical certain impairments noted by particular consultative psychiatrists and psychologists. Brachtel claims that the ALJ erred because he "offer[ed] no cogent reason for characterizing these reports [made by consultative psychiatrists and consultative psychologists] as enlightening, and then failing to incorporate the precise restrictions that the reports themselves contained." Appellant's Br. at 27.

First, the precise meaning of the ALJ's reference to the examination reports as "most enlightening" is not entirely clear. See Admin. Tr. at 470 (ALJ Decision Upon Remand). But given the context of the statement, it appears most likely that the ALJ characterized the reports as "most enlightening" because they illustrated Brachtel's history of dishonest and manipulative statements regarding his alleged disabilities. See id. Second, and more important, it is properly left to the fact-finder to weigh the evidence provided by examining professionals. See Onstad v. Shalala, 999 F.2d 1232, 1234 (8th Cir. 1993). These examining professionals disagreed on the extent to which Brachtel was disabled. The resolution of this conflicting evidence is within the province of the ALJ. It was certainly not error for the ALJ to make findings of fact more consistent with the report of one doctor, while finding the reports of other doctors useful in some respects.

## C. Impairments Accepted By ALJ

Finally, Brachtel argues that the ALJ's decision was not supported by substantial evidence because the hypothetical failed to set forth impairments that even the ALJ himself accepted as existing. On the "Psychiatric Review Technique Form" filled out

by the ALJ and attached to his decision, the ALJ indicated that Brachtel would "Often" manifest "Deficiencies of Concentration, Persistence or Pace Resulting in Failure to Complete Tasks in a Timely Manner."[4]  Admin. Tr. at 488.  Brachtel contends that the hypothetical did not take into account these impairments.

To constitute substantial evidence, a hypothetical must set forth the impairments accepted as true by the ALJ.  See Roberts v. Heckler, 783 F.2d 110, 112 (8th Cir. 1985).  In a case similar to the one at hand, this Court ruled that when an ALJ states that a claimant has impairments of concentration, persistence, or pace, the hypothetical must include those impairments.  See Newton v. Chater, 92 F.3d 688, 695 (8th Cir. 1996).  In Newton, the ALJ stated on the Psychiatric Review Technique Form that the claimant "often" had deficiencies of concentration, persistence, or pace, but the hypothetical presented to the vocational expert merely limited the claimant's capabilities to simple jobs.  See id.  The hypothetical did not specifically include impairments regarding concentration, persistence, or pace.  We held that the reference to simple jobs in the hypothetical was not enough to constitute inclusion of such impairments.  See id.  This Court remanded with instructions to include the impairments of concentration, persistence, or pace in the hypothetical.

As a preliminary matter, it is significant to note that the ALJ did not necessarily attribute all three impairments--deficient concentration, persistence, and pace--to Brachtel.  The classification is written in the disjunctive: "Deficiencies of Concentration, Persistence *or* Pace."  Admin. Tr. at 488 (emphasis added).  This language suggests that when an ALJ puts a check mark in this block, he is not necessarily making a finding that the claimant has all three of these impairments.  In fact, in this case the ALJ wrote in his report that "various examinations indicate that the claimant demonstrates few concentration deficits and has a very good memory."  Id. at 465 (ALJ Decision Upon Remand).  The fact that the ALJ checked the "often" box

---

[4]The ALJ made this designation on a multiple choice form.

for the "concentration, persistence or pace" category, yet acknowledged examination reports that did not regard Brachtel as being deficient in concentration, indicates that the ALJ read the classification in the disjunctive; the ALJ did not necessarily attribute all three impairments to Brachtel.

The hypothetical upon which the ALJ relied[5] included the ability "to do only simple routine repetitive work, which does not require close attention to detail." Id. at 598 (Tr. of Hr'g On Remand). Also, the ALJ included the impairment that "[Brachtel] should not work at more than a regular pace." Id. While this is scantly more than what was included in the Newton hypothetical, it is enough. In addition to the ability to do only simple work, the ALJ's hypothetical specifically limited concentration (work "which does not require close attention to detail") and pace ("should not work at more than a regular pace"). These specific limitations are supported by the record, and their inclusion in the hypothetical is enough to distinguish this case from Newton.

II.

The record as a whole supports the ALJ's denial of benefits. The judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

_____

[5]The Commissioner's brief mistakenly cites to a hypothetical upon which the ALJ did not base his decision.

-7-