# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-4090

_____

Elke Steahr,                                                *
                                                           *
    Plaintiff - Appellant,                          *
                                                           *   Appeal from the United States
v.                                                         *   District Court for the
                                                           *   Northern District of Iowa.
Kenneth S. Apfel, Commissioner of                          *
Social Security,                                           *
                                                           *
    Defendant - Appellee.                           *


_____

Submitted: May 15, 1998
Filed: August 24, 1998

_____

Before BOWMAN, Chief Judge, and HEANEY and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

Elke Steahr appeals from the district court's[1] decision affirming the Social Security Administration's denial of social security disability benefits. We affirm.

_____

[1]The Honorable Edward J. McManus, United States District Judge for the Northern District of Iowa.

Elke Steahr alleges disability dating to July 20, 1990, due to injuries to her back, right knee, and right wrist, as well as a peptic ulcer disease. Steahr applied for social security disability benefits, but the Commissioner of Social Security (the Commissioner) denied her request. Steahr then requested and received a hearing before an administrative law judge (ALJ). ALJ J. Michael Johnson found that although Steahr could not perform her past relevant work, there existed in the national economy a significant number of unskilled, light-level jobs that she could perform. (R. at 38.) Accordingly, ALJ Johnson ruled that Steahr was not disabled and denied benefits. This decision became the final decision of the Commissioner when the Appeals Council declined to grant further review. Steahr then filed a suit for judicial review of the Commissioner's final decision, pursuant to 42 U.S.C. § 405(g) (1994).

The district court held that ALJ Johnson had erred both in failing to consider Steahr's limited proficiency in English as it related to her level of educational development and in failing to permit Steahr to develop the record on the issue of whether she had engaged in 35 years of arduous physical labor. Accordingly, the district court reversed ALJ Johnson's decision and remanded the case to the Commissioner.

On remand, the Appeals Council vacated the decision of the original ALJ and assigned the case to ALJ Jean M. Ingrassia. ALJ Ingrassia found Steahr's allegations of disability and descriptions of symptoms not credible. (R. at 544-46.) Accordingly, ALJ Ingrassia parted company with ALJ Johnson's decision and concluded that Steahr's impairments did not prevent her from performing her past relevant work. (Id. at 545.) Based on these and other findings,[2] ALJ Ingrassia found Steahr not disabled and denied

_____

[2]Like ALJ Johnson, ALJ Ingrassia found that jobs existed in significant numbers in the national economy which Steahr was capable of performing. Additionally, ALJ Ingrassia addressed the concerns of the district court, finding that Steahr had failed to establish 35 years of arduous work and a marginal education,

benefits. The Appeals Council declined to review ALJ Ingrassia's decision, finding no errors of law, abuses of discretion, or other defects meriting review. (Id. at 7-8.) Steahr again sought judicial review in the district court. The district court affirmed, and Steahr appeals.

## II.

Steahr contends that ALJ Johnson's determination that she could not perform her past relevant work was binding on ALJ Ingrassia on remand, and that ALJ Ingrassia therefore violated the doctrine of law of the case when she found Steahr capable of performing her past relevant work. We disagree.

Our application of the law of the case doctrine is guided by our decision in Brachtel v. Apfel, 132 F.3d 417 (8th Cir. 1997). In Brachtel, an ALJ determined that the plaintiff did not need to take naps during the day, despite evidence to the contrary. Brachtel appealed, and the district court reversed the ALJ's decision denying benefits and remanded the case with directions that the ALJ develop the record completely and reconsider the case. On remand, the ALJ again denied benefits, again finding that Brachtel did not need to lie down during the day. Brachtel appealed this decision, and the district court affirmed. On further appeal to this court, Brachtel argued that the ALJ had violated the district court's remand instructions. Specifically, Brachtel argued that the district court had implicitly found that Brachtel did in fact need to lie down, and that the ALJ's finding to the contrary on remand violated the doctrine of law of the case.

We wrote in Brachtel that the doctrine of law of the case, which prevents the relitigation of settled issues in a case, applies to administrative agencies on remand, and

---

and that Steahr had the equivalent of a limited American education. (R. at 545-46.)

that "if the District Court actually found that Brachtel needed to lie down, the ALJ would be bound by that finding." Id. at 419-20. However, we held that the district court did not find that Brachtel needed to lie down, and that the law of the case doctrine was accordingly inapplicable. Id. at 420. We explained our interpretation of the district court's mandate as follows:

> First, the District Court did not specifically instruct the ALJ to proceed on remand based upon a finding of fact that Brachtel needed to lie down. The court simply instructed the ALJ to create a full and proper record. . . . Finally, the District Court affirmed the ALJ's denial of benefits the second time around. In doing so, the District Court necessarily rejected the argument that the ALJ was compelled by its previous order to find that Brachtel needed to lie down throughout the day. The District Court knew its original intent in remanding the case, and we will defer to the District Court's construction of its own order.

Id. (citations omitted). This language makes clear that the district court is best able to determine whether its mandate has been violated by an ALJ on remand, and that we will defer to the district court's interpretation of its own remand order. See also Clarke v. Bowen, 843 F.2d 271, 273 (8th Cir. 1988) (suggesting that district court is best poised to determine whether its remand order has been violated).

In the case at hand, Steahr claims that the second ALJ's finding is precluded by the contrary finding of the first ALJ. However, the district court expressly stated in its second order that "the previous decision was reversed and remanded by this court," and that there was accordingly "no law of the case to be considered from the first ALJ's decision." (Appellant's Adden. at 3.) Accordingly, for Steahr to prevail, we would have to hold that the district court misconstrued its own prior decision. We decline to do so. Rather, we conclude that "[t]he District Court knew its original intent in [reversing and] remanding the case," Brachtel, 132 F.3d at 420, and we defer to the district court's determination that its mandate was not violated.

4

## III.

Steahr raises three additional points of error in her opening brief. Steahr alleges that the second ALJ erroneously failed to specify the intensity with which Steahr could push or pull, that the ALJ erred in calculating Steahr's level of education, and that the ALJ unreasonably evaluated the opinions of Steahr's treating physician. The Commissioner argues that all three of these issues are barred, as Steahr failed to raise them at the administrative level or before the district court. See Johnson v. Chater, 108 F.3d 942, 946 (8th Cir. 1997) (no judicial redress unless issue was raised at administrative level); Flynn v. Chater, 107 F.3d 617, 621 (8th Cir. 1997) (issues raised for first time on appeal will not be considered unless necessary to avoid manifest injustice). Steahr does not contradict this argument in her reply brief,[3] and we therefore decline to address these issues.

## IV.

Accordingly, we affirm the judgment of the district court.

HEANEY, Circuit Judge, dissenting.

I respectfully dissent. ALJ Ingrassia clearly violated the law of the case when she reconsidered the question of whether Steahr was capable of performing her past

---

[3]Steahr admits in her reply brief that she failed to raise before the district court the question of whether the second ALJ properly evaluated her ability to push and pull. (Reply Br. at 9 n.2.) Steahr's reply brief never addresses the question of whether she raised either of the two remaining issues before the district court or at the administrative level. Steahr does assert in a footnote that she raised before the district court the issue of "the extent of her functional limitations due to physical impairments," (Id. at 11 n.3), but this is not one of the issues which she presses on appeal.

relevant work and found that she was. The issue had previously been determined and should not have been reopened. Nevertheless, a remand is required to determine whether Steahr, who is not capable of performing her past relevant work, is capable of performing other work in the local and national economy in light of her disabilities. The burden of proof on this issue lies with the Commissioner, not Steahr.

As much as I hesitate to disagree with my colleagues as to the scope of the remand, I have no alternative. The majority concedes, as it must, that the first ALJ found that Steahr could not perform her past relevant work. The ALJ then considered the question of whether there was other work in the local and national economy that Steahr could perform in light of her disability. He recognized that the Commissioner had the burden of proving that she could and found that there were unskilled jobs at a light level of endeavor in significant numbers that Steahr could perform. The Commissioner agreed with the ALJ, and Steahr sought review of the Commissioner's decision in the district court.

The district court found that the ALJ erred by failing to consider Steahr's limited ability to communicate in English as it relates to her level of educational development. It further found that the ALJ had failed to permit Steahr to develop the issue of whether she was eligible for benefits under 20 C.F.R. § 404.1562, which provides that persons with a marginal education who have engaged in arduous, unskilled labor for thirty-five years and are no longer able to do such work are considered disabled. See id. The court noted that the ALJ may have discounted the credibility of Steahr's testimony based on the pendency of her workers' compensation disability claim and possibly upon her limited financial circumstances and that it was error to have done so. The district court then "reversed and remanded for further proceedings consistent with this decision." Elke Steahr v. Chater, C94-1044 (N.D. Iowa Aug. 18, 1995).

The remand was not, as the majority asserts, a general one, but a very specific one limited to the errors found by the district court in the first proceeding. Thus, the

6

second ALJ erred by re-examining the question of whether Steahr was able to perform her past relevant work.  See Brachtel v. Apfel, 132 F.3d 417, 419 (8th Cir. 1997).  In that case, the district court directed the ALJ on remand to create a full and proper record, and specifically to pose proper hypothetical questions to the vocational expert.  See id..  We stated:

> "The law of the case doctrine prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings . . . ."  The "law of the case" doctrine also applies to administrative agencies on remand.  Thus, if the District Court actually found that Brachtel needed to lie down, the ALJ would be bound by that finding. . . .
>
> The "law of the case" doctrine is inapplicable here because the District Court did not actually decide (i.e., make a finding of fact) that Brachtel needed to lie down.  First, the District Court did not specifically instruct the ALJ to proceed on remand based upon a finding of fact that Brachtel needed to lie down.  The court simply instructed the ALJ to create a full and proper record.  Second, and more telling, had the District Court made the finding of fact, it would have reversed the ALJ's decision and mandated payment of benefits--not remanded to the ALJ for further proceedings.  The vocational expert had already established, and it is not now disputed, that if Brachtel needed to lie down, there would be no employment opportunities available.  With no employment opportunities, Brachtel would be eligible for benefits without the need for further inquiry; a remand would have been pointless.

Id. at 419-20 (quoting United States v. Bartsh, 69 F.3d 864, 866 (8th Cir. 1995)) (citations omitted).

In the present case, the second ALJ recognized the limited nature of the remand when she stated:

The matter was remanded to allow the claimant an opportunity to submit evidence relating to her ability to communicate in English and how her ability to communicate in English affects her level of educational development. The matter was also remanded to develop the record on the issue of engaging in 35 years of arduous labor.

Appellant's Add. at 6. Notwithstanding her recognition of the limited nature of the remand, she reopened settled issues and decided contrary to the first ALJ's decision that Steahr could perform her past relevant work. The ALJ gave no explanation for her actions. There is only one explanation, which is that the office of Hearings and Appeals of the Social Security Administration issued a bulletin on June 30, 1994, which reads as follows:

**I-2-818 ADMINISTRATIVE LAW JUDGE DECISIONS IN COURT REMAND CASES (REVISED 02/94)**

A. General

If a court remands a case to the Secretary, and the Appeals Council subsequently remands the case to an ALJ for further proceedings and a new decision, the Appeals Council will generally vacate the final decision of the Secretary which the court remanded. When the Appeals Council vacates a final decision of the Secretary, the ALJ must consider all pertinent issues de novo.

Appellant's Add. at 25.

To the extent that this bulletin requires an ALJ to consider all pertinent issues de novo, the bulletin is inconsistent with the law of this circuit that the law-of-the-case doctrine applies to administrative agencies. See Brachtel, 132 F.3d at 419; see also Rios-Pineda v. United States Dep't of Justice, I.N.S., 720 F.2d 529, 532 (8th Cir. 1983), rev'd on other grounds, 471 U.S. 444 (1985).

8

While I concede that we look to the district court in determining the intent of its order, here the district court is clearly in error. The only logical explanation is that the district court considered the bulletin of the Social Security Administration as binding, which it clearly is not.

It follows that, as burdensome as it may be, a second remand to the district court is necessary with directions for a remand to the Commissioner for a fresh determination of whether there is light work in the local and national economy that Steahr could have performed during the period July 20, 1990 through December 20, 1994, the latter being the date on which Steahr was awarded disability benefits. The burden of proof, as I have previously stated, rests with the Commissioner to prove that Steahr had the ability to perform light work in the local and national economy.

In making this determination, the ALJ would not only have the advantage of the latest determination by the Commissioner that Steahr was totally disabled on December 20, 1994 for even sedentary work, which necessarily means that she was also disabled from light work, but also the reasons for that determination.[4]

---

[4]The Explanation of Determination included the following:

This 55 year old claimant has been given a residual functional capacity for what would be basically limited sedentary work activity as she is restricted to standing less than 6 hours in an 8-hours [sic] work day and restrictions in handling with her right hand. Per POMS DI25001.001 B.39.D., most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand finger actions. Per POMS DI25020.025B.12., work which is physically less demanding than sedentary work is not identified in the DOT or other occupational reference material. Therefore, we can't identify a significant arrange [sic] of work for an individual who is incapable of performing at least a full range of sedentary work activity. Also, per POMS DI25025.001 C.1.a., where the full range of sedentary work is significantly compromised, a finding of disabled usually applies. Therefore, the claimant would be considered a medical/vocational allowance.

9

Additionally, the ALJ must review carefully the jobs that she determined Steahr could perform, namely, hand packager, laundry sorter, stamper/marker.

I note that the position of hand packager is classified as medium work, which means that the employee must be able to exert 20 to 50 pounds of force occasionally and/or 10 to 25 pounds of force frequently. The physical demands are in excess of those for light work. On the basis of this record, it seems obvious that Steahr could not perform this work, but I would leave the matter open for the parties to present whatever evidence is available on this issue.

The laundry sorter job is classified as light work. As noted in footnote 4, it has already been determined that as of December 20, 1994, Steahr was not even capable of performing sedentary work. Thus, it would seem odd that if someone was unable to perform sedentary work on December 20, 1994, she would have been able to perform light work during the months and years immediately preceding that date. Moreover, there is also a question as to whether Steahr has the reading skills necessary for this position. Under the standards established by the Dictionary of Occupational Titles, she is required to recognize the meaning of 2,500 two- or three-syllable words and read at the rate of 95 to 120 words per minute. I am unable to find any evidence in the record to support her ability to do that during the time period in question.

The position of stamper/marker is also categorized as a light job and requires the same reading skills as laundry sorter. Thus, the same evidence is required to determine whether Steahr was able to perform this job during the period in question.

---

Admin. Rec. at 668.

10

For the foregoing reasons, I respectfully dissent and would reverse and remand for action consistent with this dissent.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.