# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2351

_____

Tammy Sloan,

*Plaintiff - Appellant,*

v.

Andrew Saul, Commissioner, Social Security Administration,

*Defendant - Appellee.*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: April 17, 2019
Filed: August 12, 2019

_____

Before COLLOTON, GRUENDER, and ERICKSON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Tammy Sloan appeals the judgment of the district court[1] upholding the denial of her application for Social Security disability insurance benefits and supplemental security income. We affirm.

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

Sloan injured her back in a work-related accident in October 1988. She eventually was diagnosed with discogenic low back pain. By December 1989, Sloan had achieved maximum medical improvement with a permanent partial disability of fifteen percent of her body as a whole.

Sloan worked at Sam's Club from 1998 to March 2014, serving in various roles from stocker to phone attendant. Most recently, as a phone attendant, Sloan reviewed pending customer orders, checked on stock status, answered incoming calls and routed them to the appropriate coworker, printed and delivered reports for her managers, and "walked the merchandise floor once a week to keep updated on new merchandise." To resolve customer requests, she "sometimes" needed to retrieve items on the floor, which could require her to lift about twenty-five pounds.

On July 3, 2014, Sloan applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423, and for supplemental security income under Title XVI of the Act, *id.* § 1382. She claimed a disability onset date of March 28, 2014. The Social Security Administration denied Sloan's application on initial review, and Sloan requested a hearing before an administrative law judge. The ALJ concluded that Sloan was not entitled to benefits, because she retained the residual functional capacity to perform her previous work as a receptionist.

Applying the five-step disability evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920, the ALJ determined that Sloan was severely impaired by migraines, degenerative disc disease of the lumbar and cervical spine, degenerative joint disease of the knees, obesity, diabetes mellitus, bilateral carpal tunnel syndrome, and vertigo. But the ALJ did not find that any of these impairments, individually or in combination, qualified Sloan for benefits by meeting or medically equaling the severity of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.

The ALJ then considered Sloan's residual functional capacity—that is, the most that a claimant can do despite her limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The ALJ concluded that Sloan retained the residual functional capacity to perform sedentary work, with certain limitations. Sloan could not climb ladders, ropes, or scaffolds, and could only occasionally climb ramps and stairs, balance, stoop, crouch, crawl, or kneel. Although she could frequently handle objects bilaterally, Sloan was to avoid extreme temperatures, excessive vibrations, pulmonary irritants, hazardous machinery, and unprotected heights.

At step four of the sequential analysis, the ALJ took testimony from a vocational expert. After hearing Sloan describe her previous work at Sam's Club, the vocational expert remarked that Sloan's past work "looks like a composite job." Referring to the *Dictionary of Occupational Titles* (*DOT*), he said that Sloan's activity consisted first of work as a "receptionist," but that aspects of her work also fell under the *DOT*'s description of an "order filler" or a "stores laborer." *See* 1 *Dictionary of Occupational Titles* 237.367-038, at 207 (4th rev. ed. 1991) (receptionist); 2 *id.* 922.687-058, at 947 (stores laborer).

The ALJ posed several hypothetical questions to the vocational expert, asking whether an individual with Sloan's impairments could perform her past duties as a phone attendant. The vocational expert opined that Sloan could not complete her job duties as previously performed, given the medium exertional requirements of the stores-laborer elements, but that Sloan could perform the duties of a receptionist, as defined in the *DOT*. Finding the vocational expert's testimony credible, the ALJ concluded that Sloan was capable of performing her past relevant work as a receptionist and deemed Sloan not disabled under the Act. The Appeals Council denied review.

Sloan filed an action in the district court, and the court upheld the ALJ's decision. Sloan appeals, and we review the district court's decision *de novo*. The

Commissioner's decision must stand if it is supported by substantial evidence on the record as a whole and not based on any legal error. Substantial evidence is less than a preponderance, but enough that a reasonable mind would accept it as adequate to support the Commissioner's conclusion. *Chismarich v. Berryhill*, 888 F.3d 978, 979 (8th Cir. 2018) (per curiam).

Sloan's argument on appeal is that she lacks the capacity to perform her past relevant work. The ALJ concluded that she has the residual functional capacity to perform her prior work as a receptionist, but Sloan challenges this conclusion. At step four in the evaluation process, Sloan bears the burden to show that she cannot perform her past relevant work. *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008). If she can perform her past relevant work, either as she actually performed it or as the position is generally performed in the national economy, then she is not "disabled" within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520(f), 404.1560(b), 416.920(f), 416.960(b).

Sloan contends that the ALJ's determination was not supported by substantial evidence because it contradicted the vocational expert's testimony that Sloan's employment "looks like a composite job." In response to the ALJ's hypothetical questions, the vocational expert testified that a person with Sloan's limitations would not be able to perform a composite job as a receptionist and stores laborer, but could perform work as a receptionist.

In concluding that Sloan could perform her past relevant work as a receptionist, the ALJ described the vocational expert's testimony as "credible," but did not explicitly address whether Sloan's previous position was a composite job. Sloan contends that because she lacks the ability to perform the more strenuous aspects of a "composite job" that includes duties of both receptionist and stores laborer, the ALJ's conclusion is not supported by substantial evidence.

A composite job involves "significant elements of two or more occupations and, as such, [has] no counterpart in the DOT." Social Security Ruling ("SSR") 82-61, 1982 WL 31387, at *2 (1982). Past relevant work may constitute a composite job "if it takes multiple DOT occupations to locate the main duties of the [past relevant work] as described by the claimant." Program Operations Manual System ("POMS") DI 25005.020; *see also Smith v. Comm'r of Soc. Sec.*, 743 F. App'x 951, 953-54 (11th Cir. 2018) (per curiam). If a claimant's past relevant work qualifies as a composite job, then the ALJ should not consider the work "as generally performed in the national economy," but must analyze the particular facts of the case to determine whether the claimant can fulfill the duties of the prior work as actually performed. POMS DI 25005.020; *see also* SSR 82-61, at *2.

That a job entails responsibilities beyond those outlined in the *DOT* does not necessarily make it a composite job. A claimant's prior work "may have involved functional demands and job duties significantly in excess of those generally required for the job by other employers throughout the national economy." SSR 82-61, at *2. An inability to perform these "excessive functional demands" does not render a claimant disabled under the Act. *Id.*

Despite the vocational expert's testimony, the ALJ's conclusion that Sloan could perform her past relevant work as a receptionist was supported by substantial evidence. The *DOT*'s description of a receptionist's duties matches Sloan's statements about her primary responsibilities, including "go[ing] through notes that members are waiting on merchandise to come in" and managing "incoming calls from members and rout[ing] them" to the appropriate person. *See* 1 *Dictionary* 237.367-038, at 207. She also had to lift no more than ten pounds on a daily basis, and needed to walk for only one hour per day. *See id.* Although Sloan did have additional responsibilities, which the vocational expert said were consistent with those of a stores laborer, these tasks were not the focus of her job. She still performed all duties

of a receptionist, so this is not a case of a "composite job" with no counterpart in the *DOT*.

Sloan argues that even if her previous position encompassed all of the responsibilities of a receptionist, she did not perform those duties frequently enough to constitute "substantial gainful activity." To qualify as "past relevant work" at step four of the sequential analysis, the claimant's past work must be "substantial gainful activity." This means work activity that "involves doing significant physical or mental activities," even on a part-time basis, and is "done for pay or profit." 20 C.F.R. §§ 404.1560(b)(1), 404.1572, 416.960(b)(1), 416.972; *see Comstock v. Chater*, 91 F.3d 1143, 1145 (8th Cir. 1996).

Substantial evidence supports the ALJ's conclusion that Sloan's work as a receptionist constituted "substantial gainful activity." She worked predominately as a receptionist, was paid for the work, and performed work that plainly involved significant physical or mental activities. That she also walked the merchandise floor once a week and "sometimes" needed to retrieve items on the floor to solve customer issues does not diminish her work as a receptionist.

Relying on *Carmickle v. Commissioner*, 533 F.3d 1155, 1166 (9th Cir. 2008), Sloan maintains that the ALJ erred in classifying her previous occupation based on its least demanding aspects. In *Carmickle*, the ALJ adopted the vocational expert's classification of a job as "purely supervisory" and requiring "no manual labor," despite the claimant explaining that he was "[c]onstantly lifting or carrying something from a hammer to heavy beams." *Id.* Here, by contrast, Sloan performed activities beyond her core duties as a receptionist only occasionally, and her responsibilities as a receptionist alone constituted substantial gainful activity.

Finally, Sloan complains that the ALJ did not provide a sufficient explanation for his decision. Although the ALJ explained only that his conclusion was "based on

the credible testimony of the vocational expert," "a deficiency in opinion-writing is not a sufficient reason for setting aside an administrative finding where the deficiency had no practical effect on the outcome of the case." *Senne v. Apfel*, 198 F.3d 1065, 1067 (8th Cir. 1999). The path of the agency's reasoning is clear enough to allow for appropriate judicial review. The ALJ's conclusion that Sloan could perform her previous work as a receptionist was supported by substantial evidence on the record as a whole.

The judgment of the district court is affirmed.

_____