# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-2629
_____

Catherine Bradford,

*Plaintiff - Appellant,*

v.

Martin O'Malley, Commissioner, Social Security Administration,[1]

*Defendant - Appellee.*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Northern
_____

Submitted: February 14, 2024
Filed: June 25, 2024
_____

Before LOKEN, COLLOTON,[2] and KELLY, Circuit Judges.
_____

---

[1]Commissioner O'Malley is substituted for his predecessor under Federal Rule of Appellate Procedure 43(c)(2).

[2]Judge Colloton became chief judge of the circuit on March 11, 2024. *See* 28 U.S.C. § 45(a)(1).

COLLOTON, Circuit Judge.

Catherine Bradford appeals a judgment of the district court[3] upholding the denial of her application for Social Security disability insurance benefits and supplemental security income. Because we agree that the administrative law judge permissibly weighed the evidence and committed no legal error, we affirm.

I.

Bradford submitted an application in August 2013 for disability insurance benefits and supplemental security income. She ultimately claimed that she became unable to work on April 24, 2015. To be eligible for disability insurance benefits, a claimant must have been disabled before the date when her insured status expired. *Ponder v. Colvin*, 770 F.3d 1190, 1191 (8th Cir. 2014). Bradford's disability insurance coverage expired on September 30, 2018. To receive disability insurance benefits, therefore, Bradford must establish that her period of disability began between April 24, 2015, and September 30, 2018.

In a separate proceeding, the Commissioner determined that Bradford was disabled and granted her prospective supplemental security income as of April 9, 2020. But Bradford also seeks supplemental security income payments for the period between April 24, 2015, and April 8, 2020. To receive those additional benefits, Bradford must establish that her period of disability began during the cited period.

From 2014 until 2018, Bradford regularly sought treatment for numerous ailments from Connie Ash, a nurse practitioner. In June 2014 and November 2016,

---

[3]The Honorable Patricia S. Harris, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Nurse Ash opined that Bradford could stand or walk for no more than three hours per day. Between July 2016 and March 2020, however, three state-agency physicians reviewed Bradford's medical records and concluded that she was capable of walking or standing for six hours. In March 2020, Dr. Donita Keown—a family medicine practitioner—examined Bradford, ordered and reviewed objective imaging tests, and opined that Bradford could walk or stand for four to six hours per day.

Applying steps one and two of the five-step evaluation process set forth in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4), an administrative law judge determined that Bradford had not performed substantial gainful activity since the date of her alleged disability and that she was severely impaired by multiple ailments: lumbar degenerative disc disease, bilateral knee osteoarthritis, chronic obstructive pulmonary disease, diabetes mellitus, obesity, adjustment disorder with depressed mood, anxiety disorder, osteoarthritis of the left foot, hypertension, and sleep apnea. But the ALJ found that none of these impairments, either individually or in combination, met or medically equaled the severity of any impairment listed in the relevant regulation. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ thus could not find Bradford disabled at step three. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

The ALJ then assessed Bradford's residual functional capacity before April 9, 2020, and concluded that she was capable of performing light work, subject to certain limitations. The ALJ determined that Bradford's limitations did not preclude her from performing her past work as a housekeeper, laundry aide, or factory cleaner. At step four of the evaluation process, the ALJ therefore concluded that Bradford was not disabled from April 24, 2015, to April 8, 2020. In making this determination, the ALJ reviewed Bradford's medical records and weighed the available medical opinions. The ALJ gave Nurse Ash's opinion little weight and gave great weight to the opinions of the state-agency physicians and Dr. Keown.

The Appeals Council denied review, and the district court granted judgment for the Commissioner. We review the district court's decision *de novo* and will affirm the denial of benefits if the agency's decision is not based on any legal error and is supported by substantial evidence on the record as a whole. *Sloan v. Saul*, 933 F.3d 946, 949 (8th Cir. 2019). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would accept it as adequate to support the Commissioner's conclusion." *Id.*

II.

A.

Bradford first argues that the administrative law judge committed legal error by disregarding a prior remand order of the district court. Bradford challenges the ALJ's decision to give Nurse Ash's opinion little weight when determining Bradford's residual functional capacity. As a nurse practitioner, Nurse Ash was not "an acceptable medical source" at the time this claim was filed, so her opinion was not entitled to the special deference or weight given to an acceptable, treating source. *See* 20 C.F.R. §§ 404.1502(a)(7), 404.1527(f)(1)-(2), 416.902(a)(7), 416.927(f)(1)-(2). Bradford nonetheless maintains that the ALJ was required by the law of the case to give Nurse Ash's opinion greater, if not controlling, weight.

"The law of the case doctrine prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings . . . ." *Brachtel v. Apfel*, 132 F.3d 417, 419 (8th Cir. 1997) (internal quotation omitted). The district court previously had reversed a denial of benefits and remanded the case to the agency for further proceedings. The court's remand order stated that if the original ALJ had given Nurse Ash's opinion proper weight, the ALJ would have concluded that Bradford was disabled. *Bradford v. Saul*, No. 3:19CV00183, 2020 WL 4339909, at *4 (E.D. Ark. July 28, 2020). The district court then ordered the

ALJ to "update the medical record," "consider ordering a consultive examination . . . with a consulting orthopedist," and "then reconsider all of the medical opinions in arriving at Bradford's [residual functional capacity]." *Id.*

The district court's statement about Nurse Ash's opinion was not a definitive conclusion on disability that constituted law of the case. The court directed the agency to reconsider all of the relevant medical opinions after updating the record. *See Brachtel*, 132 F.3d at 420; *cf. Yankton Sioux Tribe v. Podhradsky*, 606 F.3d 994, 1005 (8th Cir. 2010) (recognizing the limiting effect of substantially new evidence on prior findings). As the district court stated in its most recent order, the court's earlier statement was an observation about the record as it then existed, not an order regarding the specific weight to be given to Nurse Ash's opinion. We defer to the district court's construction of its own prior order. *See Brachtel*, 132 F.3d at 420.

If the district court had concluded that Nurse Ash's opinion was outcome determinative, then "it would have reversed the ALJ's decision and mandated payment of benefits—not remanded to the ALJ for further proceedings." *Id.* But the district court remanded for further proceedings, and the ALJ properly reconsidered Nurse Ash's opinion after updating the record and reconsidering the other relevant medical opinions. Two of these opinions were rendered after the ALJ's previous order and further supported the denial of benefits. We thus conclude that the ALJ's weighing of Nurse Ash's opinion did not conflict with the law of the case or constitute legal error.

B.

Bradford next disputes the ALJ's conclusion that she could perform light work. "'Light work' requires that a claimant be capable of standing or walking for a total of six hours out of an eight-hour work day." *Frankl v. Shalala*, 47 F.3d 935, 937 (8th Cir. 1995). We conclude that the ALJ's decision was supported by substantial

evidence on the record as a whole. The ALJ permissibly concluded that Bradford had the residual functional capacity to perform light work during the relevant period.

When assessing the claimant's residual functional capacity, the ALJ must weigh the various medical opinions in the record and resolve any conflicts among them. *Wagner v. Astrue*, 499 F.3d 842, 848-49 (8th Cir. 2007). The ALJ performed an independent review of the medical record. The judge assessed the available medical opinions under the relevant factors, including consistency with the record as a whole. *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). The ALJ ultimately gave the greatest weight to the opinions of physicians and accorded little weight to Nurse Ash's opinions.

The ALJ did not give controlling weight to any single medical opinion regarding Bradford's ability to walk or stand. Rather, the views of Dr. Keown and the state-agency physicians, taken together, support the ALJ's decision. Dr. Keown concluded after examining Bradford that she could walk or stand for "four to six hours." Three state-agency physicians opined based on medical records that Bradford was capable of walking or standing for about six hours. Dr. Keown's opinion referred to a range of hours and was therefore ambiguous in light of the more specific opinions of the other physicians. It was reasonable, however, for the ALJ to adopt the upper limit of six hours where Dr. Keown's view allowed for that duration and the agency physicians supported Bradford's ability to walk or stand for six hours.

Dr. Keown's examination of March 5, 2020, was the most recent in-person assessment of Bradford at the time of the ALJ's decision. Dr. Keown discussed with Bradford her medical conditions, assessed new x-rays of Bradford's legs and back, and performed a physical examination. The ALJ may credit a consultant's opinion where it is supported by the medical record, and there is no contrary opinion worthy of deference from an acceptable, treating source. *See Chesser v. Berryhill*, 858 F.3d 1161, 1164-66 (8th Cir. 2017); *Cantrell v. Apfel*, 231 F.3d 1104, 1107 (8th Cir.

2000). And the ALJ properly considered the opinions of the three non-examining agency physicians in conjunction with the views of an examining physician like Dr. Keown. *See Harvey v. Barnhart*, 368 F.3d 1013, 1016 (8th Cir. 2004).

Although Dr. Keown's examination occurred eighteen months after Bradford's disability insurance expired, the doctor's resulting opinion remains persuasive evidence of Bradford's earlier condition. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). There is no evidence that Bradford's ailments were the type that would have improved over time. Rather, based on Bradford's medical records, the ALJ permissibly concluded that her ailments were "generally worsening or degenerative." If Bradford's conditions were progressively worsening but had not yet rendered her disabled by March 5, 2020, then it is unlikely that she was disabled at any earlier time. *Cf. Young v. Heckler*, 803 F.2d 963, 968 (9th Cir. 1986) ("Where a claimant's condition is progressively deteriorating, the most recent medical report is the most probative.").

Bradford contends that the ALJ should not have accorded great weight to Dr. Keown's opinion because the doctor was not given access to Bradford's voluminous medical record. The regulations require that a consultative examiner should have "necessary background information" about a claimant's condition. *See* 20 C.F.R. §§ 404.1517; 416.917. Dr. Keown, however, was aware that Bradford suffered from chronic obstructive pulmonary disease, diabetes, hypertension, osteoarthritis, and joint pain. She also considered objective medical information in the form of x-rays. Bradford has not shown that Dr. Keown's access to other medical records was "necessary" in the sense that they would have materially influenced a functional assessment of Bradford's physical capacity at the time of the examination. *See Reeves v. Soc. Sec. Comm'r*, 794 F. App'x 851, 857 (11th Cir. 2019) (per curiam).

We will not disturb the ALJ's determination unless it falls outside of the available "zone of choice." *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir. 2006).

-7-

The ALJ was presented with several medical opinions that collectively supported the view that Bradford could walk or stand for six hours. The ALJ reasonably concluded that Nurse Ash's opinion to the contrary was inconsistent with the record as a whole. *See Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002); 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). The ALJ's determination that Bradford could stand for six hours and perform light work was supported by substantial evidence.

*          *          *

The judgment of the district court is affirmed.

_____